Landon, P. J.
Between themselves, the defendants’ testator Ronan and William Sampson were not co-partners; Ronan was the proprietor of an ice business, with an ice house and appliances on the easterly bank of the Hudson near Bath. Sampson was employed by Ronan as a manager of the business at a compensation consisting of a share of the profits after deducting the expenses. By the contract between Ronan and Sampson, the latter was to pay the necessary expense of dredging. The referee has found that Ronan and Sampson held ■ themselves out to the public as partners in the ice business. The evidence is that the firm name of Ronan & Sampson was used by themselves in keeping accounts with each other, _ and with Ronan’s knowledge and consent in many of their transactions with various parties who dealt with them. Tickets issued to workmen who harvested ice bore the name of Ronan & Sampson, to Ronan’s knowledge.
Bills for work and materials made out against Ronan & Sampson, were often paid by Ronan. Ice was sold under the firm name, and in one instance, a suit was brought to recover for it, in which the complaint described Ronan & Sampson as co-partners. We think the evidence justifies the finding that the plaintiffs held themselves out to the public as co-partners in the ice business.
While they were thus conducting the business, Sampson caused the following order, written by himself to be delivered to the plaintiffs:
“Want you to drive the spiles in front of the dock; would like you to do it at once.
RONAN & SAMPSON.”
This order was modified by the following:
“ Mr. Payn:—Mr. Ronan has a boat that will answer to lay alongside the dock. Don’t send the pile-driver, send the dredge.
“WILLIAM SAMPSON.”
It was not proven in whose handwriting the last order was. The plaintiffs, relying upon the first order as a firm order, did work in dredging and repairing about'the dock of the ice house, to recover for which this action was brought.
*341 Ronau knew that the plaintiffs performed the work, and understood that it was done upon Sampson’s order in behalf of the firm. After they had nearly finished it, he notified one of the plaintiffs that he would not pay for it, but they must look to Sampson for payment.
Sampson soon after died. It may be presumed that the work was done in conformity to his directions, in view of the circumstances mentioned, and in the absence of all evidence to the contrary.
Ostensibly, and with Ronan’s consent, there was such a firm as Ronan & Sampson. The plaintiffs, relying upon that fact, and upon its credit, upon the order of one of its members, performed services apparently within the scope of the firm business and for its benefit. Within the case of Poillon v. Secor (61 N. Y., 456) the plaintiffs are entitled to recover of Ronan.
The plaintiffs asked Edgar M. Payn, one of the plaintiffs and a witness in their behalf, “Was this work done on the faith in the copartnership of Ronan & Sampson ? ” The question was proper. Ronan & Sampson were ostensible partners only. Ronan’s liability rests upon estoppel. By his consent he allowed himself to be held out as holding a relation to Sampson which he did not in fact hold, but which he is estopped to deny against those who parted with value upon the faith of the relation.
The question calls directly for the necessary fact. Merritt v. Briggs (57 N. Y., 651) is cited by the defendant. In that case the issue was whether the defendant bought certain cattle for himself or as the agent of one Hall. It was held that the question, “ state on whose credit the cattle were bought,” was improper. Clearly so. That question depended upon what was said and done at the time of the purchase.
Richard M. Payn, a witness produced by the plaintiffs, testified that he was superintendent and foreman for the plaintiffs in their dredging and in the work in question, and he testified in behalf of the plaintiffs with respect to it. It appeared that he kept a diary, to which he referred in the course of his examination. The defendant’s counsel examined the diary and afterwards recalled him and read from the dairy, over the objection of the plaintiffs, an entry under date of August 2, 1884, to the effect that he had spent the entire day at Sampson’s ice house attending to the Niagara, “which is at work for Mr. Sampson.” On cross-examination the plaintiffs asked him, “For whom did } ou understand the work was being done, when you made the entry as above read?” Clearly, the defendants were not concluded by this entry. The defendants had succeeded in making it affirmative evidence in their behalf *342 to the effect that the witness understood that the work was done for Mr. Sampson. The plaintiffs, by this action of the defendant acquired the right to show what his real understanding was. As direct evidence in plaintiff’s favor, the question would have been improper, but it was admissible as explanatory or in modification of the testimony given in behalf of the defendant.
The judgment should be affirmed, with costs.
Fish and Parker, JJ., concur.